UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVILLE NORMAN,

       Plaintiff,

v.

       Case Number 22-cv-10332
       Honorable Linda V. Parker

RUSSELL WAHTOLA, et al.,

       Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING PLAINTIFF'S MOTION (ECF NO. 8)

On February 7, 2022, Plaintiff Marville Norman, who is confined to the Michigan Department of Corrections ("MDOC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's claims arise from incidents that occurred at the Duane Waters Health Center ("Duane Waters") in Jackson, Michigan, and the Lakeland Correctional Facility ("Lakeland") in March 2018. (*See id*. at Pg ID 8-11.) Plaintiff names several corrections officers from Duane Waters, consisting of the warden, a hearing investigator, and a hearing officer from Lakeland as defendants and sues them in their individual and official capacities. He seeks injunctive relief, a declaratory judgment, and monetary damages. On July 12, 2022, Plaintiff filed a "Motion to Amend/Motion for Oral Argument(s)." (ECF No. 8.)

For the reasons that follow, the Court is summarily dismissing the Complaint.

## I. Standard of Review

The case is before the Court for screening under the Prison Litigation Reform Act. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. 1915(a)(1). (ECF No. 5.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. 1997e(c); 28 U.S.C. 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, while a complaint "does not need detailed factual allegations," the "[f]actual allegations

2

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

If the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). The Court has discretion to raise the statute of limitations issue sua sponte in screening a civil rights complaint. *See Norman v. Granson*, No. 18-4232, 2020 WL 3240900, *2 (6th Cir. March 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate."); *Scruggs v. Jones,* 86 F. App'x 916, 917 (6th Cir. 2004) (affirming district court's sua sponte dismissal of civil rights complaint on statute of limitations grounds); *Watson v. Wayne Co.*, 90 F. App'x 814, 815 (6th Cir. 2004) (court may sua sponte raise the

statute of limitations issue when the defense is apparent on the face of the pleadings).

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to 42 U.S.C. §1983. *Wilson v. Garcia*, 471 U.S. 261, 268 69 (1985). Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *see also Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). The statute of limitations begins to run when the plaintiff knows or has reason to know of the actions giving rise to the injuries that are the basis for the complaint. *Friedman v. Est. of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

## II. Discussion

Plaintiff's civil rights complaint is untimely. His Complaint alleges that the Defendants deprived him of his civil rights during his prison disciplinary proceedings in March 2018. Plaintiff thus knew or had reason to know of the actions and injuries giving rise to his Complaint at the time of those events. Consequently, his civil rights claims accrued in March 2018. Plaintiff, however, did not file his Complaint until February 3, 2022, nearly one year after Michigan's

three-year statute of limitations period ended.

Further, Michigan law does not permit equitable tolling; rather tolling must be based on a statute. *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11-CV-14502, 2012 WL 5828623, *8 n. 4 (E.D. Mich. July 6, 2012) (citing *Livingston v. C. Michael Villar*, P.C., No. 299687, 2012 WL 639322, *2 (Mich. Ct. App. Feb. 28, 2012) (per curiam)); accord *Weathers v. Holland Police Dept.*, No. 1:13 cv 1349, 2015 WL 357058, *5 (W.D. Mich. Jan. 27, 2015). The Sixth Circuit has held that the statute of limitations applicable to a prisoner civil rights complaint under § 1983 is tolled while a prisoner exhausts the administrative grievance process because the PLRA requires a prisoner to exhaust administrative remedies before filing suit under § 1983. *Surles v. Andison, et al.*, 678 F.3d 452, 458 (6th Cir. 2012); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

In this case, Plaintiff states that he pursued his administrative remedies by filing Step I grievances on March 27, 2018, which were denied by MDOC in April or May of 2018. (Compl, ECF No. 1 at Pg ID 10-11.) Plaintiff then filed Step II grievances on May 18, 2018, which were rejected by MDOC as untimely in June 2018. (*Id.* at Pg ID 11.) Plaintiff filed Step III grievances in June 2018.[1] (*Id.*) He

---

[1] The Court notes that Plaintiff's recitation of his exhaustion process indicates that he submitted his Step III grievances on "5/12/2018." Given that he received his Step II grievances responses on "6/4/2018," the Court presumes that the "5" is a typographical error and should be a "6" such that he submitted his Step III grievances on June 12, 2018.

does not indicate when, or if, he received a response to his Step III appeals. (*See Id.*) However, court records submitted in Plaintiff's prior federal habeas action challenging the same prison disciplinary proceedings indicate that his Step III appeals were denied by MDOC in July 2018. *See Norman v. Cheeks*, No. 2:21-CV-11357 (E.D. Mich.), ECF No. 8-3 at Pg ID 238, 241. Additionally, the MDOC grievance policy provides that Step III appeals are generally answered within 60 days. MDOC Policy Directive 03.02.130. Even allowing for the 60 days for the Step III response, the administrative remedy process concluded, at the latest, in August 2018. The three-year statute of limitations thus expired in August 2021—well before Plaintiff filed his Complaint on February 3, 2022.

Lastly, the Court notes that Plaintiff's pursuit of judicial remedies following his Step III denials did not further toll the applicable three-year period because such steps are not part of the administrative process and are not required to fully exhaust administrative remedies under the PLRA prior to filing a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Ali v. Simmons*, No. 1:19-cv-126, 2021 WL 5019650, *4-5 (W.D. Mich. Aug. 4, 2021) (report and recommendation rejecting Michigan prisoner's argument that his action for judicial review of hearing decision should further toll the three-year limitations period and discussing rationale), adopted, 2021 WL 4437727 (W.D. Mich. Sept. 28, 2021); *see also Franklin v. Fisher*, No. 16 6464, 2017 WL 4404624, *3 (6th Cir. May 15, 2017)

(stating that the statute of limitations applicable to a prisoner's civil rights action is tolled while the prisoner exhausts state remedies, but "such tolling does not apply to the pursuit of remedies outside the prison grievance system."); *Black v. Michigan Dep't of Corr.*, No. 2:10 CV 11211, 2012 WL 994768, *10 (E.D. Mich. Feb. 29, 2012) (report and recommendation explaining that a prisoner's obligation to exhaust does not extend to judicial remedies), adopted, 2012 WL 987781 (E.D. Mich. March 23, 2012); *but cf. Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004) (case tolling time that prisoner exhausts his available state remedies). Plaintiff's pursuit of remedies concluded within the prison grievance system by August 2018. As such, Plaintiff's civil rights complaint, filed in February 2022, is therefore untimely and must be dismissed.

    Additionally, Plaintiff's recently filed motion seeks appointment of counsel, oral argument, and leave to amend his complaint. (*See* ECF No. 8.) As the Court has already determined that Plaintiff's complaint must be dismissed, the issues of oral argument and appointment of counsel are moot. The remaining motion is, therefore, Plaintiff's request for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The Plaintiff does not make clear what he seeks to amend in his complaint. However, the Court must construe a *pro se* litigant's submissions liberally. *See Lee v. Levino*, No. 10-11501, 2011 WL 62104, at *1 (E.D. Mich. Jan. 7, 2011).

Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires." *Id.* The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* Here, any amendment would be futile because of the preceding analysis that the statute of limitations expired.

Accordingly,

**IT IS ORDERED**, that the Court pursuant to §1915(e)(2)(b), **DISMISSES WITH PREJUDICE** Plaintiff's Complaint;

**IT IS FURTHER ORDERED** that the Court DENIES Plaintiff's motion (ECF No. 8).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 18, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 18, 2022, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager