UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVILLE NORMAN,

       Plaintiff,

v.

       Case No. 2:22-cv-10332
       Honorable Linda V. Parker

RUSSELL WAHTOLA, et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 11)**

Marville Norman ("Plaintiff") filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 raising claims concerning a prison misconduct and subsequent disciplinary proceeding that occurred when he was confined at the Duane Waters Health Center in Jackson, Michigan and the Lakeland Correctional Facility in March 2018. (ECF No. 1.) The Court determined that the complaint was untimely under the applicable three-year statute of limitations and dismissed the complaint with prejudice on July 18, 2022. (ECF Nos. 8, 9.) The matter is now before the Court on Plaintiff's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 11.)

Under Federal Rule of Civil Procedure 60(b), a federal court will grant relief

from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

In this case, Plaintiff fails to show that the Court erred in dismissing his complaint as untimely under the three-year statute of limitations applicable to this case or that the interests of justice warrant re-opening his case. To the extent that he re-alleges the facts underlying his complaint, re-argues issues previously addressed by the Court, and/or raises issues which could have been presented in his initial complaint, his allegations do not warrant the extraordinary remedy that he seeks in this action.

Plaintiff asserts that the Court should allow him to proceed on his civil rights complaint because in a prior federal habeas action challenging his prison misconduct conviction, the Court dismissed the case without prejudice to him

filing a civil rights complaint.  *See Norman v. Cheeks*, No. 2:21-CV-11357, 22 U.S. Dist. LEXIS 6561 (E.D. Mich. Jan. 12, 2022) (Parker, J.); (ECF No. 13 at Pg ID. 80-81.)   At that time, however, the Court made no determination as to the procedural or substantive merits of any such civil rights complaint, and the timeliness of such a complaint was not an issue before the Court.   Plaintiff fails to show that he is entitled to relief under Rule 60(b).

Accordingly, the Court **DENIES** Plaintiff's motion for relief from judgment. This case remains closed.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 17, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 17, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager